IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**TAVARRAS RHODES,**

        **Petitioner,**

**v.**                                                    **Civil No.: 5:19CV4**
                                                             **JUDGE STAMP**

**JENNIFER SAAD, Warden**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On January 11, 2019, the pro se Petitioner, Tavarras Rhodes ("Rhodes") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  ECF No. 1. Rhodes has satisfied the $5 filing fee.  ECF No. 9. Rhodes is a federal inmate who is housed at FCI Gilmer and is challenging the validity of his sentence from the United States District Court for the Eastern District of Virginia.  On September 4, 2019, the Respondent was directed to show cause why the Petition should not be granted. ECF No. 14. On November 4, 2019, Respondent filed a Motion to Dismiss for Lack of Jurisdiction with a supporting memorandum and exhibits. ECF Nos. 18, 19. On November 5, 2019, a Roseboro Notice was issued. ECF No. 20. On November 18, Rhodes filed a Response [ECF No. 22], and on December 2, 2019, Respondent filed a Reply. The undersigned now enters this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. FACTUAL AND PROCEDURAL HISTORY[1]

---

[1] Unless otherwise noted, the information in this section is taken from Rhodes's criminal docket available on PACER and all ECF numbers are from that case.  See United States v. Rhodes, No. 8:12-cr-00493-RWT ).  Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887

### A. Conviction and Sentence

On February 20, 2008, a federal Grand Jury returned a two-count Indictment against Rhodes and one co-defendant. Count One charged that on February 14, 2008, Rhodes and his co-conspirator conspired to possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a). Count Two charged that on February 14, 2008, Rhodes and his co-conspirator possessed with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841(a). ECF No. 8.

Before trial, the United States filed a notice under 21 U.S.C. § 851, identifying Rhodes' prior conviction that increased the mandatory minimum to ten years and statutory maximum to life. ECF No. 18. After a one-day trial on August 5, 2008, Rhodes and his co-defendant were convicted on both counts. ECF No. 54.

Sentencing was held on November 7, 2008. The Pre-Sentence Report ("PSR") established that Rhodes' Offense Level was 26. His Total Criminal History Points were 19 placing him in Criminal History Category VI. In addition, Rhodes qualified for a sentence enhancement under the Career Offender section, as defined in Chapter 4, Part B of the Sentencing Guidelines. The predicate offenses were the September 5, 2007, Possession with Intent to Manufacture, Sell, and Deliver Heroin convictions, and the March 17, 2000, Possession with Intent to Manufacture, Sell, and Deliver Heroin conviction. Accordingly, Rhodes' Offense Level Total was 37 and his Guideline Range was 360 months to life. The district court imposed a below guideline sentence of 324

---

F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

.

months imprisonment with eight years of supervised release to follow. ECF No. 77.

Rhodes and his co-defendant each filed timely notices of appeal. ECF No. 80. Counsel for each filed a notice of appearance and filed and signed the jointly filed brief that was submitted on appeal. The appeals were subsequently consolidated. On appeal, both defendants challenged the District Court's denial of their motion to suppress, arguing that the police lacked probable cause to conduct a search of the vehicle. On January 28, 2010, the case was decided, and in a written opinion, the Court of Appeals affirmed Rhodes' conviction. United States v. Rhodes, 592 F.3d 572 (4th Cir. 2010).

On February 24, 2011, Rhodes filed a Motion to Vacate under 28 U.S.C. § 2255. ECF No. 124.  Rhodes raised two claims. First, he alleged that trial counsel provided ineffective assistance by failing to object to the presentation of the partial police tape during trial. Second, he alleged that  appellate counsel provided ineffective assistance by asking him to sign a waiver allowing co-defendant's counsel to submit a joint appellate brief resulting in a conflict of interest. Rhodes filed a Motion to Amend seeking to challenge his sentence. Specifically, Rhodes argued that pursuant to United States v. Simmons[2], 649 F.3d 237 (4th Cir. 2011),  some unidentified prior convictions no longer

---

[2] In Simmons, the United States Court of Appeals for the Fourth Circuit

> Overruled prior decisions and held that, in deciding whether to enhance federal sentences based on prior North Carolina convictions, we look not the maximum sentence that North Carolina Courts could have imposed for a hypothetical defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant's actual level of aggravation and criminal history.

United States v. Powell, 691 F.3d 554, 556 (4th Cir. 2012) (citing Simmons, 649 F.3d at 241). In addition, Simmons was made retroactive to cases on collateral review on August 13, 2013, by Miller v. United States, 735 F.3d 141 (4th Cir. 2013).

qualified as predicate offenses to enhance his sentence. On January 14, 2013, the Motion to Amend was denied as untimely, and Rhodes' § 2255 was denied and the action dismissed. A certificate of appealability was denied. ECF No. 149.

On January 24, 2013, Rhodes filed a Supplemental Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense pursuant to 18 U.S.C. § 3582(c). ECF No. 151. That motion was denied on January 31, 2013. ECF No. 153.

On February 12, 2013, Rhodes filed a notice seeking to appeal the district court's orders denying relief on his § 2255 motion and denying his 18 U.S.C. § 3582(c)(2) motion. On June 25, 2013, the Fourth Circuit denied a certificate of appealability and dismissed the appeal from the denial of § 2255 relief. However, with respect to the § 3582 order, the Fourth Circuit found that the district court denied relief based on the mistaken premise that Rhodes sought relief under the Guidelines amendments pertaining to crack cocaine when, in fact, he sought relief based on Amendment 742. However, because that Amendment was not among those listed in USSG § 1B1.10(c), it was not retroactive. Accordingly, the Fourth Circuit affirmed the denial on that basis. ECF No. 160.

### B. Rhodes' Claims

In support of his § 2241 petition before this Court, Rhodes alleges that his 2000 North Carolina conviction for possession with intent to manufacture, sell and deliver heroin and 2007 North Carolina conviction for the same offense no longer qualify as predicate offenses for his career offender enhancement. For support, he again relies on the decision in Simmons. In his supplement, Rhodes also relies on Lester v. Flournoy, 909 F.3d 708 (4th Cir. 2018) to support his claim. For relief, Rhodes requests that this Court remove the career offender enhancement and resentence him.

4

### C. Respondent's Motion To Dismiss

In support of his motion to dismiss, Respondent argues that this petition must be dismissed for lack of jurisdiction because Rhodes cannot demonstrate that 28 U.S.C. § 2255 is inadequate and ineffective to challenge the legality of his sentence. More specifically, Respondent argues that the petition must be dismissed because Rhodes cannot meet all the necessary prongs of the Wheeler test in order to establish that § 2255 is inadequate or ineffective to test the legality of his sentence.

### D. Rhodes' Response

In his response, Rhodes notes that Respondent argued only that he did not meet the fourth prong of the Wheeler test and therefore he maintains, in effect, that Respondent has conceded that he meets the first three prongs. Rhodes then argues his erroneous designation as a career offender is a fundamental defect that warrants correction under the savings clause.

### E. Respondent's Reply

In his reply, Respondent expounds on his argument that Rhodes' post-Booker career offender sentence cannot meet the fourth prong of the Wheeler test because a sentence issued under the advisory guidelines does not present a fundamental defect under Wheeler.

### III.  LEGAL STANDARDS

### A. Motion to Dismiss Under Fed.R.Civ.P. 12(b)(1)

A party may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th

Cir. 1991) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). In deciding whether jurisdiction exists, a court is to consider the pleadings as mere evidence and may consider evidence outside the pleadings without converting the proceedings to one for summary judgment. Id. Whenever it appears, by suggestion of the parties or otherwise, that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. Fed. R. Civ. P. 12(h)(3).

**B.  Post-Conviction Remedies and Relief**

Despite the title he affixes to his petition, Petitioner unequivocally challenges the validity of his sentence and not the execution of his sentence, as such his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See In re Vial, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255.

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194

n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the Petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333-34 (4th Cir. 2000). With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of 2255 (h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3rd 415, 429 (4th Cir. 2018). The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler. Id. In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See

7

Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. February 20, 2014), aff'd, 573 Fed. Appx. 268 (4th Cir. 2014).

### III. ANALYSIS

Although Rhodes does raise the savings clause, he is not entitled to its application. Because he is challenging his sentence, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits. In this case, even if Rhodes meets the first, second, and third prongs of Wheeler, he cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018). In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker, when the sentencing Guidelines were mandatory. Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong. Id. at 715 ("Foote[3] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is so because post-Booker, "the Guidelines lack[ ] legal force," and

---

[3] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The Foote Court concluded that such a claim was not cognizable under § 2255. Foote, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944.

"an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716. Because Rhodes was sentenced under the post-Booker, advisory Guidelines, regardless of whether this was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.[4]

Because Rhodes cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

---

[4] The undersigned acknowledges that the Wheeler decision relied on the Simmons decision in vacating the district court's opinion and remanding the petition to be addressed on the merits. However, the Wheeler decision is clearly distinguishable. Gerald Wheeler was not a career offender. Instead he had one prior drug conviction which enhanced his statutory range to not less than 10 years and not more than life. See 21 U.S.C. § 841(b)(1)(B). Without this enhancement, his statutory range was not less than 5 years and not more than 40 years. Furthermore, without the statutory enhancement, his Sentencing Guidelines range would have been 70-87 months. The district court noted, "T]he sentence that is required to be imposed upon you is a harsh sentence. It's a mandatory minimum sentence. I don't have any discretion in that area." Wheeler, 886 F.3d at 420. Accordingly, unlike Rhodes, who was sentenced pursuant to Sentencing Guidelines, Gerald Wheeler was sentenced pursuant to a mandatory statutory minimum.

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that: Rhodes' Motion [ECF No. 17] to "Supplement His Motion Per 28 U.S.C. § 2241 Under Fed.R.Civ.P 15(a) be **GRANTED**[5]; Respondent's Motion to Dismiss [ECF No.18] be **GRANTED** and the Petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

Each party shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

---

[5] In his motion, Rhodes seeks to "supplement" his § 2241 petition with reference to Lester v. Flournoy, 909 F.3d 708 (4th Cir. 2018). As noted in the analysis, Lester prohibits relief to Rhodes.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to Rhodes by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: December 11, 2019

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE