# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**TAVARRAS RHODES,**

    Petitioner,

v.

**Criminal Action No. 5:19-CV-4
(BAILEY)**

**JENNIFER SAAD,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 24]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on December 11, 2019, wherein he recommends the Respondent's Motion to Dismiss [Doc. 18] be granted and the petition [Doc. 1] be denied and dismissed without prejudice. For the reasons that follow, this Court will adopt the R&R.

## I. BACKGROUND

The petitioner is a federal inmate incarcerated at FCI Gilmer in the Northern District of West Virginia. Petitioner, acting *pro se*, initiated this habeas corpus proceeding on January 11, 2019, pursuant to 28 U.S.C. § 2241, challenging the validity of his sentence. On November 7, 2008, petitioner was sentenced to 324 months imprisonment for two counts of violation of 21 U.S.C. § 841(a), conspiracy to possess with intent to distribute

1

more than 100 grams of heroin.[1] According to the BOP website, petitioner is scheduled to be released on October 8, 2031.

In his memorandum of law in support of his § 2241 petition, Rhodes argues that there has been a retroactive change in law after *United States v. Simmons*, 649 F.3d 237. [Doc. 1-1 at 6-8]. Specifically, Rhodes argues that *Simmons* represents a retroactive change in the law under which his sentencing as a career offender presents a fundamental defect. *Id.* at 7. The R&R notes that Rhodes made a similar *Simmons*-based argument in support of his 2011 petition under 28 U.S.C. § 2255. [Doc. 24 at 3].

On November 4, 2019, respondent filed a motion to dismiss [Doc. 18]. In her memoranda in support, respondent argues that petitioner cannot meet all four prongs of the test in *Wheeler* to establish that a petition under § 2255 is inadequate or ineffective to test the legality of his sentence. [Doc. 19]. In particular, respondent argues that Rhodes cannot establish the fourth prong of the *Wheeler* test because "any error in applying the advisory Guidelines to a post-*Booker* career offender sentence is not a fundamental defect that results in a complete miscarriage of justice warranting collateral relief." [Doc. 19 at 8]. In response, Rhodes argues that, first, because the Government did not address the first three prongs of *Wheeler*, that he has met those prongs. [Doc. 22 at 2]. Second, Rhodes argues that his classification as a career offender is a fundamental defect. *Id.* at 3. In reply, the respondent again argues that under Fourth Circuit precedent, petitioner's sentence under the advisory guidelines, even if there was an error in applying the guidelines, does not constitute a fundamental error. [Doc. 23].

---

[1]Taken from Rhodes's criminal docket from the Eastern District of Virginia, available on PACER. *See United States v. Rhodes*, 3:08-cr-00082-REP-2, Doc. 77.

2

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. The petitioner timely filed his Objections to the Magistrate Judge's Report and Recommendation [Doc. 25] on December 30, 2019. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard

of review. The remainder of the R&R will be reviewed for clear error.

## III. DISCUSSION

Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention. However, § 2255(e) contains a savings clause, which allows a district court to consider a habeas petition brought by a federal prisoner under § 2241 where § 2255 is "inadequate or ineffective to test the legality" of the detention. 28 U.S.C. § 2255; *see also United States v. Poole*, 531 F.3d 263, 270 (4th Cir. 2008). The fact that relief under § 2255 is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). In the Fourth Circuit, a § 2255 petition is only inadequate or ineffective to test the legality of detention when:

> (1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

*Poole*, 531 F.3d at 269 (quoting *In re Jones*, 226 F.3d at 333–34).

The Fourth Circuit recently found that the savings clause may apply to certain sentencing challenges. It explained:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

4

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet either the *Jones* test (if challenging the legality of his conviction) or the *Wheeler* test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. *See Wheeler*, 886 F.3d at 423–26.

Here, the magistrate judge found that "even if Rhodes meets the first, second, and third prongs of *Wheeler*, he cannot meet the fourth prong, which requires a showing that due to a retroactive change in law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect." [Doc. 24 at 8]. The R&R notes that post-*Booker*, the Sentencing Guidelines lack legal force, and thus even a misapplication of the guidelines does not make section 2255 "inadequate or ineffective. *Id*. at 8-9, citing *Lester v. Flournoy*, 909 F.3d 708 (4th Cir. 2018). Because Rhodes cannot satisfy the savings clause of § 2255, the magistrate judge found that this Court lacks subject-matter jurisdiction and must dismiss the case. [Doc. 24 at 9].

On December 30, 2019, petitioner filed objections to the R&R. First, Rhodes asserts that he has "fulfilled all prongs provided by the savings clause" and that therefore this Court has jurisdiction. [Doc. 27 at 2]. Second, Rhodes asserts that his sentence enhancement as a career offender is a fundamental defect for purposes of the savings clause. *Id*. at 2-3. Third, because the respondent did not address Rhodes's arguments regarding the other prongs of *Wheeler*, he contends those arguments should be accepted as uncontested. *Id*. at 3-4. Although the petitioner repeatedly asserts that his sentence

enhancement constitutes a fundamental defect, he does not address the reasoning of either the respondent's argument or the R&R; namely, that even if his sentence was an error, under Fourth Circuit precedent misclassification as a career offender that occurred under post-*Booker*, advisory guidelines does not fulfill the fourth prong of *Wheeler*. Accordingly, his objections are overruled.

## IV. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 24]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the petitioner's objections **[Doc. 27]** are **OVERRULED** and the respondent's motion to dismiss **[Doc. 18]** is hereby **GRANTED**. This Court **ORDERS** that the § 2241 petition **[Doc. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court. Further, the Court notes that it has considered petitioner's supplement to his motion **[Doc. 17]** and determined it is not a motion; accordingly, it is **DISMISSED AS MOOT**.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

6

**DATED:** January 6, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE